**UNITED STATES Of America,**
**Plaintiff–Appellee,**

v.

**Luis Angel DOMINGUEZ–RIVERA,**
**Defendant–Appellant.**

No. 12–10076.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Dec. 31, 2012.

Matthew Cassell, Assistant U.S., USTU–Office Of The U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Mark Willimann, Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM ***

Luis Angel Dominguez–Rivera appeals from the district court's judgment and challenges the 18–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dominguez–Rivera contends that his sentence is substantively unreasonable. We review for abuse of discretion. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Dominguez–Rivera first contends that the court punished him twice for violating the terms of supervised release imposed in 2004. This contention is belied by the record. The current 18–month sentence was imposed after Dominguez–Rivera committed a new offense that violated the terms of supervised release imposed in 2009.

Dominguez–Rivera also contends that the revocation sentence is substantively unreasonable because it was imposed to run consecutively to the sentence imposed for his 8 U.S.C. § 1326 conviction. In light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, especially Dominguez–Rivera's breach of the court's trust, the sentence is

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

To the extent Dominguez–Rivera argues that the maximum term of imprisonment must be reduced under 18 U.S.C. § 3583(e)(3) by the length of any previous terms of imprisonment imposed upon revocation of supervised release, this argument is foreclosed by *United States v. Knight*, 580 F.3d 933, 937–38 (9th Cir.2009).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.